TRINA A. HIGGINS, United States Attorney (#7349)
ADAM S. ELGGREN, Assistant United States Attorney (#11064)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHASE MONTGOMERY VENSTRA,<br><br>Defendant. | Case No. SEALED 2:22mj445 JCB<br><br>CRIMINAL COMPLAINT<br><br>VIOS. Count I: 18 U.S.C. § 922(g)(1) POSSESSION OF A FIREARM BY A RESTRICTED PERSON |

---

Before the Honorable Jared C. Bennett, United States Magistrate Court Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

## COUNT I
Possession of a Firearm by a Restricted Person
18 U.S.C. § 922(g)(1)

Beginning on a date unknown and continuing until June 4, 2022, in the Central Division of the District of Utah,

CHASE MONTGOMERY VENSTRA,

defendant did herein, knowing he had previously been convicted of a crime punishable by a term exceeding one year, knowingly possessed firearms, to wit:

1 – **Ruger M77 Hawkeye, 300 WIN MAG, S/N 712-46750**

2 – **Remington Model 700, .243 WIN Caliber, S/N E6246073**

3 – **Ruger Model 10-22, .22 Caliber, S/N 353-70014**

4 – **Stoeger Model 2000, 12 Gauge Shotgun, S/N 812961**

5 – **Rock Island Armory, .22 Caliber, Unknown Model, S/N RIA 2183011**

6 – **Westernfield Model 550 C, 20 Gauge Shotgun, No Visible Serial Number.**

and ammunition, and the firearms and ammunition were in and affecting commerce; in violation of 18 U.S.C. § 922(g)(1).

## Background of Investigation

This complaint is made on the basis of an investigation consisting of the following:

I, Jason R. Gardiner, being duly sworn, hereby depose and state as follows:

1. Your Affiant is a certified peace officer, currently working in good standing as a Detective for the Davis County Sheriff's Office and Deputized Task Force Officer for the ATF (Bureau of Alcohol Tabaco and Firearms). Your Affiant was hired by Davis County, as a detective in October of 2020. Your Affiant was hired as a police officer by Ogden Police in June of 2011 and was certified by graduating from the State of Utah POST academy in October of 2011. Your Affiant worked for Ogden Police Department from that time until April of 2015. During his time as an Ogden Police Officer, Your Affiant worked as a patrol officer, where he investigated a variety of crimes. Your Affiant was transferred to the financial crimes division as a detective in November of

2013 and was assigned to investigate crime related to fraud, identity theft, forgeries, etc. He was assigned to the Weber County Homicide Task Force where he assisted in investigating suspicious deaths, to include homicides. Your Affiant was hired by Salt Lake Police in April of 2015. He worked as a patrol officer until March of 2017. He was then assigned to the Salt Lake City Gang Unit, where his responsibilities include investigating violent crimes involving gang members from a variety of gangs. Your Affiant has experience and training in identifying gang members or gang associates by specific tattoos, clothing, language, and other factors. Your Affiant has attended multiple drug recognition and drug investigation courses. Your Affiant has investigated multiple narcotics-related crimes and has up-to-date experience in relation to the price that specific controlled substances are sold for, for specific quantities. Your Affiant has extensive experience in firearm violations, to include restricted persons possessing firearms illegally.

## FACTS AND CIRCUMSTANCES

2. Based on my knowledge and experience, and on information received from other individuals, including law enforcement officers, as well as their reports, as set forth below, I have learned the following:

3. In April 2017, CHASE MONTGOMERY VENSTRA was convicted in Utah's Third District Court of two counts of Larceny, third-degree felonies. Based on my training and experience, because VENSTRA entered pleas of guilty to felonies, he would

be aware that he has been convicted of a crime punishable by imprisonment for a term exceeding one year.

5.     Your affiant knows that on May 12th, 2022, investigators with the Davis County Sheriff's Office and Box Elder Sheriff's Office executed a residential search warrant on VENSTRA's known residence in West Point City in conjunction with a homicide investigation.

6.     Inside of VENSTRA's motorhome were two firearms. One firearm was found to be a 20-gauge shotgun, a Westernfield Model 550C with no visible serial number.

9.     The second firearm was a Rock Island Armory .22-caliber rifle, no model visible, serial number RIA 2183011. This firearm's stock was removed but there were multiple stocks in close proximity to this firearm that could be assembled onto the firearm.

10.    Your Affiant reviewed jail calls from VENSTRA to a third party, Witness A. During those phone calls, VENSTRA directed Witness A to enter VENSTRA's motorhome and remove items, to include duffle bags, currency, and drug paraphernalia. Witness A confirmed to VENSTRA over jail calls that he did enter the motorhome and remove items.

11.    A search warrant was executed at Witness A's residence on June 12, 2022. During that time, Witness A confirmed he had removed a duffle bag out of the motorhome upon VENSTRA's request and eventually stated to Your Affiant that

VENSTRA also transported multiple firearms and ammunition to Witness A's residence prior to VENSTRA's arrest and requested Witness A store the firearms in his residence.

12. Three firearms were located in a water heater closet in Witness A's garage. Witness A told Your Affiant that all three of the firearms belonged to VENSTRA.

13. The first firearm located in the garage was a 12-gauge semiautomatic shotgun, Stoeger 2000, serial number 812961. The shotgun was loaded.

14. The second firearm located in the garage was a .243 WIN-caliber, bolt action rifle, Remington 1700, serial number 353-70014 with an attached scope.

15. The third firearm located in the garage was a semiautomatic .22 LR-caliber rifle, Ruger 10-22, serial number 353-70014.

16. An ammunition "can" (metal box) was also located in the same closet space where the rifles were located and was full of various calibers of ammunition.

17. A tactical bullet proof vest was also turned over to investigators by Witness A, that had multiple AR-15 style magazines in the pouches of the vest. Those magazines had multiple rounds of ammunition inserted in the magazine. Witness A stated that VENSTRA was also the owner of this ammunition.

18. Witness A was interviewed and initially stated that he had cooperated and turned over all of VENSTRA's firearms. However, he stated that there was a crawl space in his child's bedroom inside of the room where VENSTRA could have snuck into his home and hid something else. That crawl space was located and searched and one more firearm was located.

19. The firearm in the crawl space was a 300 WIN MAG, bolt action rifle, Ruger M77 Hawkeye, serial number 712-46750. The firearm was equipped with a scope.

20. Upon questioning, Witness A later admitted that he stored the Ruger Hawkeye at VENSTRA's request.

21. On June 12th, 2022, VENSTRA was interviewed by Your Affiant at the Davis County Sheriff's Office in a designated interview room regarding him being a suspect in multiple crimes. VENSTRA was advised of his Miranda Rights, stated he understood them, and agreed to speak with Your Affiant.

22. During that interview, VENSTRA stated that he did possess firearms in his motorhome prior to his arrest. He stated to Your Affiant that he believed there should be four total firearms inside of the motorhome. He described them as a .22 rifle "Rock Island", a 20 gauge pump shotgun, a .223 single shot with a scope and camo tape, and a single shot pistol, which he described as a "boot gun." Two of the firearms he described match the two firearms seized from the motorhome.

23. During that interview, VENSTRA was asked about storing firearms at Witness A's residence. VENSTRA stated that he did ask Witness A to store the firearms found at the residence. VENSTRA described each of the four rifles seized from Witness A's residence in detail.

24. Your Affiant has confirmed that all six firearms were in interstate commerce.

25. Based on these facts, your affiant respectfully submits that there is probable cause to believe that CHASE MONTGOMERY VENSTRA has committed violations of

18 U.S.C. § 922(g)(1), Possession of a Firearm by a Restricted Person.

26. Based on the foregoing information, your affiant respectfully requests that a warrant of arrest be issued for CHASE MONTGOMERY VENSTRA.

_____
Det. Jason Gardiner
Task Force Officer, Bureau of Alcohol Tobacco and Firearms

SUBSCRIBED and SWORN in accordance with the requirements of Fed. R. Crim. P. 4.1 this __1__ day of July, 2022.

_____
Jared C. Bennett
UNITED STATES MAGISTRATE JUDGE

TRINA A. HIGGINS
United States Attorney

ADAM ELGGREN
Digitally signed by ADAM ELGGREN
Date: 2022.07.01 11:20:48 -06'00'
_____
ADAM ELGGREN
Assistant United States Attorney